**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:21-CV-02230-NYW-STV

**STEVEN STRAUGHEN, ASHLEY STRAUGHEN, and RICHARD WILLIAMS,**
    Plaintiffs,

v.

**BHS, INC. a/k/a BHS, INC. OF WYOMING**
    Defendant,

---

**PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS AGAINST DEFENDANT BHS, INC.**

---

Plaintiff Steven Straughen, by and through his undersigned attorneys, ZANER HARDEN LAW, LLP, hereby moves for spoliation sanctions against Defendant BHS, Inc. In support, he states the following:

Defendant intends to offer evidence at trial that Brandon Schulz filled out inspection forms before the relevant tanks were delivered to the Simpson pad. But Defendant never produced these forms even though Mr. Schulz testified in his deposition that Defendant found these forms during its investigation of the explosion, when litigation was undeniably imminent. Schulz Dep. 60:11-17; 61:4-18; 106:1-12. In opening statement, Defendant argued that these forms were filled out but had gone missing. Defendant cannot destroy or "lose" key evidence and then use this missing evidence to support a finding of no liability. These forms could have contained evidence that Defendant knew about the open pipe or broken nipple on its tanks before they were delivered, but Plaintiff will never be able to argue this because the forms are missing.

This situation – a defendant intentionally destroying or losing critical evidence and then using that missing evidence to their advantage – presents the exact circumstances under which spoliation sanctions are appropriate and necessary. Plaintiff thus asks the Court to grant one of two potential sanctions: the exclusion of any evidence that these missing inspection forms exist, including that they were ever filled out by Mr. Schulz, or an adverse inference instruction about these forms. If Mr. Schulz is permitted to testify that he filled out the forms, and Defendant can argue overtly or subtly the forms are just "missing," the prejudice to Plaintiff would be incurable.

## LEGAL BACKGROUND

There is nothing more antagonistic to justice than the wrongful destruction of evidence. A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence. *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

Trial courts "have substantial weaponry in their arsenal to shape the appropriate relief for a party's spoliation of evidence." *Helget v. City of Hays*, 844 F.3d 1216, 1225-26 (10th Cir. 2017) (quotations omitted). To that end, courts have imposed a broad range of sanctions in the event of destruction of evidence. The selection of which sanction is appropriate is at the court's discretion, and revolves around several fact-specific factors, including the importance of the evidence that was destroyed, the timing of the destruction, the spoiler's notice of potential litigation, and the extent to which the destruction impacts the non-spoiling party's case.[1]

Spoliation sanctions "serve both a punitive and a remedial purpose. The punitive function

---

[1] There are four primary precedential spoliation cases in Colorado: *Pfantz v. Kmart Corporation,* 85 P.3d 564, 567 (Colo. App. 2003); *Aloi v. Union Pacific Railroad,* 129 P. 3d 999, 1003 (Colo. 2006); *Castillo v. Chief Alternative, LLC,* 140 P.3d 234, 236 (Colo. App. 2006); and *Warembourg v. Excel Elec., Inc.*, 471 P.3d 1213, 1219 (Colo. App. 2020). The cases approve a panoply of sanctions for a variety of different culpable conduct.

1

serves to deter parties from destroying evidence in order to prevent its introduction at trial. The remedial function serves to restore the putative prejudiced party to the position it would have held had there been no spoliation." *Aloi v. Union Pac. R.R. Corp.*, 129 P.3d 999, 1002 (Colo. 2006).

Again, there are many potential sanctions for destruction of evidence. Here, Plaintiff seeks the least onerous sanction possible to remedy the prejudice: the exclusion of any evidence that the missing filled out inspection forms ever existed. Alternatively, if the evidence is admitted, then an adverse inference instruction would be appropriate.

## ARGUMENT

Plaintiff requests only the exclusion of evidence, a sanction that courts often impose in the absence of bad faith – in spoliation cases involving mere negligence. *See Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 193 F.3d 912 (10th Cir. 1998). The circumstances here amount to far more than "mere negligence," they are egregious: Defendant destroyed critical evidence while knowing that litigation was imminent. According to his deposition, Defendant searched for the most important inspection forms in this case while investigating this explosion:

> Q   Why were you looking for the inspection sheets?
>
> A   Because Garrett asked me to.
>
> Q   And do you know why Garrett wanted to have them?
>
> A   I'm assuming for the investigation.

Schulz Dep. 104:20-25. And after searching for these forms as part of the investigation into the explosion, Defendant found the forms:

> Q   And as you testified earlier, you believe that you found all the more detailed inspection sheets along the lines of Exhibit 7 for each of these ten tanks?
>
> A   Yes.

2

Schulz Dep. 106:1-5. Despite finding the forms, Defendant did nothing to preserve them. And now these forms are "missing," as Defendant stressed during opening. How can these forms be "missing" if Defendant's employee "found" them?

Even worse, this evidence disappeared after Defendant knew (or should have known) that litigation was imminent. As Mr. Northcott testified to at trial, Defendant knew litigation was imminent when it saw the OSHA report. In fact, Mr. Northcott testified that Defendant acquired legal counsel almost immediately after the tank exploded, right after the OSHA report was released in late February (only ten weeks after the explosion). He also identified the OSHA report as the key moment when Defendant was put on notice about potential litigation involving Defendant's tanks and action was taken. Prior to that, Mr. Mitchell simply filled out the incident form as part of the immediate investigation.

Defendant had a duty to preserve these inspection forms, not destroy them. Courts often impose "the ultimate penalty of default judgment" in cases like this where a party has "engaged in bad faith conduct that is a flagrant disregard or dereliction of discovery obligations; or engaged in culpable conduct which is more than mere inadvertence or simple negligence, but is gross negligence." *Pfantz*, 85 P.3d at 568 (internal citations omitted). As *Pfantz* explains, "'Bad faith' includes 'conduct which, although not necessarily deliberate or intentional, nonetheless amounts to a flagrant disregard or dereliction of one's discovery obligations.'" *Id.* This is a classic case of "bad faith" spoliation, as Defendant destroyed key evidence after notice that this evidence was relevant to imminent or reasonably foreseeable litigation. *See Castillo v. Chief Alternative, LLC*, 140 P.3d 234, 236 (Colo. App. 2006) (emphasis added); *see also Warembourg v. Excel Elec., Inc.*, 471 P.3d 1213, 1219 (Colo. App. 2020).

Even if this case involves mere negligence, rather than bad faith, this Court has the power to exclude any evidence that these inspection forms exist. As the Tenth Circuit explained in *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.,* "Courts have not generally imposed a similar requirement

3

of bad faith when considering other sanctions for the spoliation of evidence." 193 F.3d 912 (10th Cir. 1998). In *Jordan*, the Court suggested that excluding evidence would be an appropriate remedy to the spoliation of evidence caused by mere negligence. *See id.*; *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir.1992) (upholding exclusion of evidence as sanction for spoliation, even in absence of bad faith on part of despoiler).

Finally, Defendant's misconduct robbed Plaintiff of the opportunity to use these forms in building its case against Defendant. At trial, Plaintiff has no way to show these inspection forms to the jury, no way to examine the forms for obvious defects, and no way to meaningfully test the opinions of Defendants' lay witnesses and experts against the forms. For example, these forms might have contained evidence that Defendant knew about the open pipe or broken nipple on its tanks *before* they were delivered to the Simpson pad. These forms could have been the most important piece of evidence in this case. Their absence in this case has been highly prejudicial to Plaintiff.

It would also be highly prejudicial and unfair to let Defendant destroy or "lose" these inspection forms – arguably the most important piece of evidence in this case – and then argue that these missing inspection forms actually existed but were merely lost. It makes no sense to let a despoiler use spoliated evidence to argue for a finding of no liability. Plaintiff thus asks this Court to exclude any evidence that these missing forms exist. This remedy is necessary to prevent Defendant from making such a highly prejudicial argument, as well as to remedy the prejudice to the Plaintiff and jury from never seeing these inspection forms.

This remedy also imposes no meaningful burden on Defendant, as Defendant had every opportunity to produce these forms after Mr. Schulz found them. Also, Defendant can still argue that these inspections took place and Mr. Schulz can still testify that he performed these inspections. But Defendant should not be allowed to elicit testimony that Mr. Schulz filled out the forms and then argue that they are simply "missing." This will be Defendant's main liability defense and it is

4

fundamentally unfair when Defendant itself is responsible for destroying or losing these forms. Defendant still has many opportunities to argue, through Mr. Schultz and others, that the inspections were performed, just not that they filled out these forms that Mr. Schulz has admitted were found and then lost.

In the alternative, if this Court allows Defendant to admit evidence that these forms existed, Plaintiff requests an adverse inference instruction, for the same reasons as outlined above.

Dated: February 7, 2024

                                           ZANER HARDEN LAW, LLP

                                           */S/Kurt Zaner*
                                           Kurt Zaner
                                           Lia Rottman
                                           Adam Fonta

                                           *Attorneys for Plaintiff*