**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:21-CV-02230-STV

**STEVEN STRAUGHEN,**

  Plaintiff,

v.

**BHS, INC. a/k/a BHS, INC. OF WYOMING.**

---

**AMENDED PROPOSED JURY INSTRUCTIONS**

---

THE PARTIES by and through their respective counsel, hereby submit these redlined Amended Proposed Jury Instructions pursuant to the Court's order.

Dated: February 11, 2024

    Respectfully submitted,

    ZANER HARDEN LAW, LLP

    */s/Kurt Zaner*

    Kurt Zaner, Esq. #40989
    ZANER HARDEN LAW, LLP
    1610 Wynkoop Street, Suite 120
    Denver, Colorado 80202
    Telephone: (303) 563-5354
    Facsimile: (303) 563-5351
    E-mail:
    kz@zanerhardenlaw.com
    ***Attorneys for Steven Straughen***

INSTRUCTION NO. _____

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law, as you are now instructed, to the facts as you find them to be.

The parties to this case are: Steve Straughen, the plaintiff; and, BHS, Inc., the defendant.

On December 12, 2019, a storage tank exploded on an oil and gas production site, injuring Plaintiff Steve Straughen.  Defendant BHS provided the tanks, and Plaintiff alleges BHS was negligent in its inspections, maintenance, and provision of the tanks.  Plaintiff Steve Straughen is claiming economic damages in the form of past and future medical bills, as well as past and future wage loss.  Mr. Straughen is also claiming noneconomic damages for pain and suffering and physical impairment damages.

Defendant, BHS, admits that it supplied a total of 10 tanks at the Simpson pad, which its drivers set in the locations directed by others and then left the site. It denies that it delivered the tanks with the alleged defects, that it was responsible for rigging the tanks up for flowback operations, or for overseeing said operations. As affirmative defenses, BHS asserts comparative negligence, assumption of risk, failure to mitigate, and the negligence of others over whom it had no control or right to control.

These are the issues you are to decide.

CJI Civ. 2:1 (modified)

INSTRUCTION NO. _____

The parties agree to the following facts:

    (1) The incident occurred on December 12, 2019.

    (2) Plaintiff Steve Straughen was injured in the incident.

    (3) The Flame Arrestor was purchased new by Skyline and was not defective.

    (4) There was a flammable mixture within the system.

This agreement makes the presentation of any evidence to prove this fact unnecessary.  You must

accept this fact as true.

CJI Civ. 1:13 (modified)
Stipulation or Admission of a Fact

INSTRUCTION NO. _____

(1)     The plaintiff has the burden of proving his claims by a preponderance of the evidence.

(2)     The defendant has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

(3)     To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

(4)     "Burden of proof" means the obligation a party has to prove his, her, or its claims by a preponderance of the evidence.  The party with the burden of proof can use evidence produced by any party to persuade you.

(5)     If a party fails to meet his, her, or its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

CJI-Civ. 3:1

Burden of Proof and Preponderance of Evidence-Defined

INSTRUCTION NO. _____

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

CJI-Civ. 3:4
No Speculation

INSTRUCTION NO. ___

<u>Plaintiff's Proposed Jury Instruction:</u>

No Instruction.

<u>Defendant's Proposed Jury Instruction:</u>

You must find that a person knew a fact, if he had information that would have led a reasonable person to inquire further and that inquiry would have revealed that fact.

CJI-Civ. 3:7

INSTRUCTION NO. _____

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or agreed to.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence.

You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a conclusion that follows, as a matter of reason and common sense, from the evidence.

CJI-Civ. 3:8
Evidence in the Case

INSTRUCTION NO. _____

Evidence may be either direct or circumstantial.  Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred.  All other evidence is direct evidence.  The law makes no distinction between the effect of direct evidence and circumstantial evidence.

CJI-Civ. 3:9
Direct and Indirect Evidence

INSTRUCTION NO. _____


Certain testimony has been summarized and read and/or video recorded and introduced into evidence from a deposition. A deposition is testimony taken under oath before the trial. You are to consider that testimony as if it had been given by the witness from the witness stand.


CJI-Civ 3:10

INSTRUCTION NO. _____

The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

CJI-Civ. 3:12

Number of Witnesses

INSTRUCTION NO. _____

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

CJI-Civ. 3:14
Sympathy – Prejudice

INSTRUCTION NO. _____

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony.  You may accept it or reject it, in whole or in part.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

CJI-Civ. 3:15

Expert Witnesses

INSTRUCTION NO. _____

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

CJI-Civ. 3:16
Determining Credibility of Witnesses

INSTRUCTION NO. _____

These instructions contain the law that you must use in deciding this case. No single instruction states all the applicable law. All the instructions must be read and considered together.

You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

The Court is not, by these instructions, expressing any opinions as to what has or has not been proved in the case, or to what are or are not the facts of the case.

CJI-Civ. 4:1

Summary Closing Instruction

INSTRUCTION NO. _____

In your deliberations, your duty is to apply the Court's instructions of law to the evidence that you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including any newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the Internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and any other web site. You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case. You are not allowed to visit any place mentioned in the evidence. If this is an area that you normally go through, you should try to take an alternate route. If you are not able to take an alternate route you should not gather any information from that location.

CJI-Civ. 4:1A

Applying the Law to Evidence

INSTRUCTION NO. _____

The original forms of the written instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. The instructions labeled "copy" may be marked or used in any way you see fit.

The Bailiff will now escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdict you reach.

Please notify the Bailiff when you have reached a verdict, but do not tell the Bailiff what your verdict is. You shall keep the verdict forms, these instructions and the exhibits until the Court gives you further instructions.

CJI-Civ. 4:2
Duties Upon Retiring – Selection of Foreperson

INSTRUCTION NO. _____

Once you begin your deliberations, if you have a question about the evidence in this case or about the instructions, verdict forms, or special interrogatories that you have been given, your Foreperson should write the question on a piece of paper, sign it and give it to the Bailiff who will bring it to me.

The Court will then confer with the attorneys as to the appropriate way to answer your question. However, there may be some questions that, under the law, the Court is not permitted to answer. If it is improper for the Court to answer the question, the Court will tell you that. Please do not speculate about what the answer to your question might be or why the Court is not able to answer a particular question.

CJI-Civ. 4:2A

Questions During Deliberations

INSTRUCTION NO. ____

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

CJI-Civ. 5:1

INSTRUCTION NO. ___

<u>Plaintiff's Proposed Jury Instruction:</u>

    No Instruction.

<u>Defendant's Proposed Jury Instruction:</u>

If you find that the plaintiff, Steve Straughen, has had actual damages, then you must consider whether the defendant, BHS, has proved its affirmative defense of failure to mitigate or minimize damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize their damages. Damages, if any, caused by the plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.

This affirmative defense is proved if you find that the following have been proven by a preponderance of the evidence:

1.    The plaintiff failed to take reasonable actions on the evening of the incident including, but not limited to, shutting in the well or climbing on top of the tanks;

2.    The plaintiff had some increased injuries and/or damages because he did not take such reasonable steps.

If you find that any one or more of these propositions has not been proved by a preponderance of the evidence, then you shall make no deduction from plaintiff's damages.

On the other hand, if you find that statements 1 and 2 have been proved by a preponderance of the evidence, then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

CJI-Civ. 5:2

INSTRUCTION NO. _____

At the beginning of this trial, Plaintiff Steve Straughen had a life expectancy of 39.91 more years. This expectancy is taken from the tables of life expectancy produced by the U.S. Census Bureau. This table of life expectancy is not conclusive but may be considered together with other evidence relating to the plaintiff's health, habits, and occupation.

CJI-Civ. 5:5 (modified)

Determining Life Expectancy-Mortality Table

**Source and Authority**

C.R.S. § 13-25-102 and U.S. Census Bureau Life Expectancy Tables; *See also Colo. Fuel & Iron Corp. v. Indus. Comm'n*, 148 Colo. 557, 367 P.2d 597 (1961); *City of Ft. Collins v. Smith*, 84 Colo. 511, 272 P. 6 (1928).

INSTRUCTION NO. _____


Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.


CJI-Civ. 5:6
Uncertainty as to Amount of Damages

INSTRUCTION NO. ___

Plaintiff's Proposed:

Plaintiff Steven Straughen has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages. If you find in favor of the plaintiff, you must determine the total dollar amount of plaintiff's damages, if any, that were caused by the negligence of the defendant, BHS, the comparative negligence, if any, of the plaintiff, and the negligence, if any, of the designated nonparties.

In determining such damages, you shall consider the following:

1.      Any noneconomic losses or injuries which plaintiff has had to the present time or probably will have in the future, including: physical and mental pain and suffering, inconvenience, and emotional stress. In considering damages in this category, you shall not include actual damages for physical impairment, because these damages, if any, are to be included in a separate category.

2.      Any economic losses or injuries which plaintiff has had to the present time or probably will have in the future, including: past and future medical expenses, past and future wage loss, and/or loss of earning capacity. In considering damages in this category, you shall not include actual damages for physical impairment, since these damages, if any, are to be included in a separate category.

3.      Any physical impairment or disfigurement. In considering damages in this category, you shall not include damages again for losses or injuries already determined under either numbered paragraph 1 or 2 above.

**Deleted:** and

Defendant's Proposed:

Plaintiff Steven Straughen has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages. If you find in favor of the plaintiff, you must determine the total dollar amount of plaintiff's damages, if any, that were caused by the negligence of the defendant, BHS, the comparative negligence, if any, of the plaintiff, and the negligence, if any, of the designated nonparties.

In determining such damages, you shall consider the following:

1.      Any noneconomic losses or injuries which plaintiff has had to the present time or probably will have in the future, including: physical and mental pain and suffering, inconvenience, and emotional stress. In considering damages in this category, you shall not include actual damages for physical impairment, because these damages, if any, are to be included in a separate category.

2.      Any economic losses or injuries which plaintiff has had to the present time or probably will have in the future, including: past and future medical expenses and past and future wage loss. In considering damages in this category, you shall not include actual damages for physical impairment, since these damages, if any, are to be included in a separate category.

3.      Any physical impairment or disfigurement. In considering damages in this category, you shall not include damages again for losses or injuries already determined under either numbered paragraph 1 or 2 above.

CJI-Civ. 6:1

INSTRUCTION NO. ____

The defendant and certain non-parties are corporations or companies and can act only through their employees, officers, managers, etc. Any act or omission of an employee, officer, or manager while acting within the scope of their employment is the act or omission of the corporation or company.

CJI-Civ. 7:7

INSTRUCTION NO. ____

<u>Plaintiff's Proposed Jury Instruction:</u>

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury.

<u>Defendant's Proposed Jury Instruction:</u>

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury.

<u>Negligence may also mean assumption of risk. A person assumes the risk of injury or damage if the person voluntarily or unreasonably exposes himself to such injury or damage with knowledge or appreciation of the danger and risk involved.</u>

CJI-Civ. 9:6

INSTRUCTION NO. _____

Reasonable care is that degree of care which a reasonably careful person would use under the same or similar circumstances.

CJI 9:8

Reasonable Care – Defined

INSTRUCTION NO. ____

<u>Plaintiff's Proposed Jury Instruction:</u>

    No Instruction


<u>Defendant's Proposed Jury Instruction:</u>

    <u>The occurrence of an accident does not raise any presumption of negligence on the part of</u>

<u>either the plaintiff or the defendant.</u>


CJI-Civ. 9:12; *Ravin v. Gambrell*, 788 P.2d 817 (Colo. 1990) (evidence presented at trial will

support).

INSTRUCTION NO. ___

Plaintiff's Proposed Jury Instruction:

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury. A cause does not have to be the only cause or the last or nearest cause. It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

Defendant's Proposed Jury Instruction:

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury. A cause does not have to be the only cause or the last or nearest cause. It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

One's conduct is not a cause of another's injuries, however, if, in order to bring about such injuries, it was necessary that his or her conduct combine or join with an intervening cause that also contributed to cause the injuries. An intervening cause is a cause that would not have been reasonably foreseen by a reasonably careful person under the same or similar circumstances.

**Formatted:** Indent: First line:  0.5"

CJI-Civ. 9:20

INSTRUCTION NO. ____

The negligence, if any, of the defendant, BHS, is not a cause of any injuries and/or damages to the plaintiff unless injury to a person in the plaintiff's situation was a reasonably foreseeable result of that negligence. The specific injury need not have been foreseeable. It is enough if a reasonably careful person, under the same or similar circumstances, would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct.

CJI-Civ. 9:21

INSTRUCTION NO. ___

For the plaintiff, Steve Straughen, to recover from the defendant on his claim of negligence, you must find that all of the following have been proved by a preponderance of the evidence:

1.    The plaintiff had injuries and/or damages;

2.    The defendant was negligent; and

3.    The defendant's negligence was a cause of the plaintiff's injuries and/or damages.

If you find that any one or more of these statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these statements have been proved, then you must consider the defendant's affirmative defenses of comparative negligence and assumption of risk.

If you find that none of these affirmative defenses have been proved, then your verdict must be for the plaintiff.

CJI-Civ. 9:22

INSTRUCTION NO. ____

The affirmative defense of the comparative negligence of the plaintiff, Steve Straughen, is proved if you find all of the following:

1.      Steve Straughen was negligent; and

2.      The negligence of the plaintiff was a cause of the plaintiff's own claimed injuries and/or damages.

CJI-Civ. 9:23

INSTRUCTION NO. ___

Plaintiff's Proposed Jury Instruction:

The affirmative defense of the negligence of the nonparty, the plaintiff's employer Skyline Well Testing, LLC, is proved if you find all of the following:

1. Skyline Well Testing, LLC was negligent; and

2. The negligence of Skyline Well Testing, LLC was a cause of the plaintiff's claimed injuries.

The affirmative defense of the negligence of the nonparty, Schneider Summit Services, LLC, is proved if you find all of the following:

1. Schneider Summit Services, LLC was negligent; and

2. The negligence of Schneider Summit Services, LLC was a cause of the plaintiff's claimed injuries.

Defendant's Proposed Jury Instruction:

The affirmative defense of the negligence or fault of the nonparties, Edge Energy II, LLC, Skyline Well Testing, LLC, and/or Schneider Summit Services, LLC, is proved if you find all of the following:

> **Deleted:** nonparty

    1.     Edge Energy, Skyline, and/or Schneider was negligent or at fault; and

    2.     The negligence or fault of Edge Energy, Skyline, and/or Schneider was a cause of the plaintiff's claimed injuries and/or damages.

CJI-Civ. 9:24

Affirmative Defense—Negligence or Fault of Designated Nonparty

INSTRUCTION NO. _____

Plaintiff's Proposed Jury Instruction:

If you find that Plaintiff Steve Straughen was damaged and that his damages were caused by his own negligence, Defendant BHS Inc., nonparty Skyline Well Testing, LLC, and/or nonparty Schneider Summit Services, LLC, then you must determine to what extent the negligent conduct of each contributed to Plaintiff Steve Straughen's damages, expressed as a percentage of 100 percent.

> **Deleted:** Edge Energy II

If you find that Plaintiff Steve Straughen was negligent and that the negligence of Plaintiff Steve Straughen was equal to or greater (50% or higher of total negligence) than the combined negligence of Defendant BHS, the nonparty Skyline Well Testing, the nonparty Schneider Summit Services, LLC, then Plaintiff Steve Straughen will not be allowed to recover.

> **Deleted:** Edge Energy II

On the other hand, if you find that Plaintiff Steve Straughen was negligent and that the negligence of Plaintiff Steve Straughen was less than the combined negligence of Defendant BHS, the nonparty Schneider Summit Services, and/or the nonparty Skyline Well Testing, then Plaintiff Steve Straughen will be allowed to recover.

> **Deleted:** ,
>
> **Deleted:** nonparty Edge Energy II, LLC,

If Plaintiff Steve Straughen is allowed to recover, the total damages you award will be reduced by the Court by the percentage of Plaintiff Steve Straughen's negligence, if any, by the percentage of the negligence of nonparty Skyline Well Testing, if any, and/or by the percentage of the negligence of nonparty Schneider Summit Services, if any.

> **Deleted:** Edge Energy II, LLC

Defendant's Proposed Jury Instruction (because Plaintiff proposed two instructions, and BHS proposes only one, the primary differences only are redlined):

If you find the plaintiff was damaged and that his damages were caused by the negligence of the plaintiff  the defendant, BHS, and one or more of the designated non-parties at fault, Edge

Energy, Skyline, and/or Schneider, then you must determine to what extent the negligent conduct of each contributed to the damages of the plaintiff, expressed as a percentage of 100 percent.

If you find that the plaintiff, the defendant, BHS, and one or more of the designated non-parties at fault, Edge Energy, Skyline, and/or Schneider, were negligent and that the negligence of the plaintiff was equal to or greater than the combined negligence of the defendant and all of the designated nonparties, then that plaintiff will not be allowed to recover.

On the other hand, if you find that the negligence of the plaintiff was less than the combined negligence of the defendant and all of the designated nonparties, then the plaintiff will be allowed to recover.

If the plaintiff is allowed to recover, the total damages you award will be reduced by the Court by the percentage of the plaintiff's negligence and by the percentage of the negligence of the designated nonparties.

CJI-Civ. 9:28 (modified)

INSTRUCTION NO. ____

<u>Plaintiff's Proposed Jury Instruction:</u>

    No Instruction.


<u>Defendant's Proposed Jury Instruction:</u>

    <u>You may also find that nonparties Edge Energy, Skyline, and/or Schneider were at fault under a premises liability theory if you find all the following have been proved by a preponderance of the evidence:</u>

    <u>1.    The plaintiff had injuries and/or damages;</u>

    <u>2.    Edge Energy, Skyline, and/or Schneider actually knew about a danger on the property or, as a person using reasonable care, should have known about it;</u>

    <u>3.    Edge Energy, Skyline, and/or Schneider failed to use reasonable care to protect against the danger on the property; and</u>

    <u>4.    Edge Energy, Skyline, and/or Schneider's failure was a cause of the plaintiff's injuries and/or damages.</u>

CJI-Civ. 12:3 (modified)

INSTRUCTION NO. _____

<u>Plaintiff's Proposed Jury Instruction:</u>

A "Physical Impairment" is generally any physiologic or neurologic disorder or condition affecting the musculoskeletal or neurological system, which limits, restricts or interferes with one or more of the life activities of a person, such as walking, working, performing manual tasks, caring for oneself and other similar types of major life activities.

<u>Defendant's Proposed Jury Instruction:</u>

No Instruction.

**Source and Authority**

*Colorado Civil Rights Commission v. North Washington Fire Protection Dist.,* 772 P.2d 70, at 76-77 (Colo. 1989); *Pringle v. Valdez,* 171 P.3d 624, at 630-31 (Colo. 2007).

INSTRUCTION NO. _____

Plaintiff's Proposed Jury Instruction:

The term "physical impairment" means an alteration of an individual's health status that is assessed by medical means. It is a loss or material impairment of any physical function or functional capacity, or a permanent loss of health or detriment to the body or body system.

Defendant's Proposed Jury Instruction:

No Instruction.

**Source and Authority**

First sentence: *Askew v. Industrial Claim Appeals Office*, 927 P.2d 1333, 1337 (Colo. 1996), quoting AMA Guides.
Second Sentence: Common law definition per *Cookman v. Caldwell*, 170 P.2d 952, 953 (Colo. 1918); *Preston v. Dupont*, 33 P.3d 433, 443 (Colo. 2001); *Mountain States Telephone & Telegraph Co. v. Sanger*, 287 P. 866 (Colo. 1930), "impairment of health"; *Heckman v. Warren*, 238 P.2d 854, 857 (Colo. 1951).

INSTRUCTION NO. _____

<u>Plaintiff's Proposed Jury Instruction:</u>

If the evidence supports an inference that the effects of an injury have persisted for a number of years and that the injury's effects or pain will continue into the future, you may draw an inference that the injury, its effects, or pain will be permanent.  Expert medical testimony is not required to establish this evidence.  This instruction is not meant to suggest or imply you should or should not draw any particular inferences in this case.  Whether or not you draw any inferences is up to you, the jury, to determine, based upon the sufficiency of the evidence presented.

<u>Defendant's Proposed Jury Instruction:</u>

No Instruction.

**Source and Authority**

*Lawson v. Safeway, Inc.,* 878 P.2d 127, 130 (Colo. App. 1994); *Morgan v. Board of Water Works of Pueblo*, 837 P.2d 300 (Colo. App. 1992).