IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**JUDGE NINA Y. WANG**

| | |
|---|---|
| Civil Action: 21-cv-02230-NYW-SBP | Date: February 14, 2024 |
| Courtroom Deputy: Cathy Pearson | Court Reporter: Darlene Martinez |

| *Parties* | *Counsel* |
|---|---|
| STEVEN STRAUGHEN,<br><br>    Plaintiff,<br><br>v.<br><br>BHS, INC., also known as BHS, Inc. of Wyoming,<br><br>    Defendant. | Kurt Zaner<br>Lia Rottman<br>Adam Fonta<br><br><br><br>Kate McDonald<br>Nathaniel Rioux Jordan<br>Derek MacKay<br>Jennifer Vedra |

**COURTROOM MINUTES**

**JURY TRIAL – DAY 8**

**9:08 a.m.        Court in session.**

Appearances of counsel.

Jury not present.

Discussion held regarding the verdict form and jury instructions.

9:10 a.m.      Jury present.

Defendant's witness, Paul DeBoer, called and sworn.

9:12 a.m.      Direct examination of Paul DeBoer by Mr. MacKay.

Defendant offers Paul DeBoer as an expert in economic damage analysis. Plaintiff has no objection. Court finds Paul DeBoer is so qualified.

**Exhibits 233 (page 2), 289, 288, 286 admitted.**

9:22 a.m. – 9:23 a.m.  Bench conference.

9:23 a.m.    Continued direct examination of Paul DeBoer.

9:45 a.m.    Cross-examination of Paul DeBoer by Mr. Zaner.

10:19 a.m.   Defendant's witness, Richard Williams, called and sworn.

Direct examination of Richard Williams by Ms. McDonald.

10:35 a.m.   Cross-examination of Richard Williams by Mr. Zaner.

10:40 a.m. – 10:41 a.m.    Bench conference.

10:41 a.m.   Continued cross-examination of Richard Williams by Mr. Zaner.

10:43 a.m. – 10:44 a.m.    Bench conference.

10:44 a.m.   Continued cross-examination of Richard Williams by Mr. Zaner.

10:45 a.m.   Redirect examination of Richard Williams by Ms. McDonald.

10:48 a.m. – 10:49 a.m.    Bench conference.

**10:50 a.m.   Court in recess.**
**11:08 a.m.   Court in session.**

11:09 a.m.   Jury present.

Defendant's witness, David Watson, called and sworn.

11:10 a.m.   Direct examination of David Watson by Mr. Jordan.

Defendant offers David Watson as an expert in petroleum engineering, oil and gas operations, and flowback. Plaintiff has no objection. Court finds David Watson is so qualified.

11:50 a.m. – 11:52 a.m.    Bench conference.

11:52 a.m.        Continued direct examination of David Watson by Mr. Jordan.

12:08 p.m. – 12:09 p.m.        Bench conference.

Continued direct examination of David Watson by Mr. Jordan.

12:50 p.m. – 12:53 p.m.        Bench conference.

Continued direct examination of David Watson by Mr. Jordan.

**12:57 p.m.        Court in recess.**
**2:02 p.m.        Court in session.**

Jury not present.

Pending before the Court are jury instruction matters regarding the permanent injury jury instruction and the modified version of the curative instruction.

The Court's findings and conclusions.

**ORDERED:   The permanent injury jury instruction is modified as stated on the record.**

**ORDERED:   The curative instruction is modified as stated on the record.**

Mr. Zaner states that he may not want to use the curative instruction. Counsel may meet and confer regarding the curative instruction.

**2:12 p.m.        Court in recess.**
**2:22 p.m.        Court in session.**

Jury present.

2:23 p.m.        Cross-examination of David Watson by Mr. Zaner.

3:44 p.m.        Redirect examination of David Watson by Mr. Jordan.

3:56 p.m.        The defendant rests.

The Court advises jury regarding admonitions of trial.

3:57 p.m.        Jury excused until February 15, 2024, at 9:00 a.m.

Discussion held regarding scheduling matters and jury instructions.

| | |
|---|---|
| 3:58 p.m. | Argument by Mr. Zaner regarding Plaintiff's Oral Motion Pursuant to Fed. R. Civ. P. 50(a)(2) for Judgment as a Matter of Law as to Edge Energy and Schneider. |
| 4:02 p.m. | Response by Ms. McDonald. |
| 4:04 p.m. | Rebuttal argument by Mr. Zaner. |
| 4:05 p.m. | Ms. McDonald orally moves for judgment as a matter of law pursuant to Fed. R. Civ. P 50(b) for the reasons stated on the record yesterday. |
| **4:05 p.m.** | **Court in recess.** |
| **4:41 p.m.** | **Court in session.** |

Jury not present.

Pending before the Court are Defendant BHS's renewed oral motion for judgment as a matter of law under Fed. R. Civ. P. 50(b); however, the Court believes that it is still under Rule 50(a)(2); Plaintiff's Oral Motion Pursuant to Fed. R. Civ. P. 50(a)(2) for Judgment as a Matter of Law as to Edge Energy and Schneider and arguments that Edge Energy and Schneider should not be permitted to continue as being identified as non-parties at fault either in the jury instruction or on the verdict form for contributory negligence purposes; the jury instruction on affirmative defense; and the portion of the jury instruction on intervening cause.

The Court's findings and conclusions.

**ORDERED:** **Defendant's Renewed Oral Motion Pursuant to Fed. R. Civ. P. 50(a)(2) for Judgment as a Matter of Law is DENIED.**

**ORDERED:** **Plaintiff's motion pursuant to Fed. R. Civ. P. 50(a) as to Schneider is DENIED.  Schneider is appropriately included as a non-party and will be included in the jury instructions and the verdict form.**

**ORDERED:** **Plaintiff's motion pursuant to Fed. R. Civ. P. 50(a) as the Edge Energy is GRANTED.  Edge Energy is not an appropriate non-party and will not be included in the jury instructions or the verdict form.**

**ORDERED:** **The assumption of risk jury instruction will not be given, and the assumption of risk identified affirmative defense in the other instruction will be eliminated as the Court finds that there is insufficient evidence.**

**ORDERED:** **The intervening cause jury instruction will be given as the Court finds that, viewing the expert testimony in the light most favorable to Defendant, it could apply.**

5:02 p.m.        Discussion held regarding Plaintiff's demonstrative slides to be used during closing argument.  Defendant states objections to the slides.  Plaintiff shows the Court the demonstrative slides.

**ORDERED:    The Court will allow the demonstrative slides to be used during closing arguments, and the Court will instruct the jury that the law is what they need to apply in the case.**

Defendant withdraws the objection after hearing the Court's ruling.

5:06 p.m.        Discussion held regarding scheduling matters for tomorrow.

**5:07 p.m.        Court in recess.**
Trial continued.
Total time in court:     5:50