**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:21-CV-02230-NYW-STV

**STEVEN STRAUGHEN,**
  Plaintiff,

v.

**BHS, INC. a/k/a BHS, INC. OF WYOMING**
  Defendant,

---

**PLAINTIFF'S MOTION AGAINST MODIFYING THE JUDGMENT BASED ON COLORADO'S NONECONOMIC DAMAGES CAP**

---

Plaintiff Steven Straughen, through his attorneys, Zaner Harden Law, states as follows for his Motion Against Modifying The Judgment Based On Colorado's Non-Economic Damages Cap:

**CERTFICATE OF CONFERRAL**

The undersigned certifies that he conferred in good faith with counsel for Defendant concerning the substance of this motion. Defendant opposes the relief requested herein.

**INTRODUCTION**

In Colorado, even the most fundamental statutory and constitutional rights can be waived or forfeited. *People v. Babcock*, 535 P.3d 981, 985 (Colo. 2023); *Richardson v. People*, 481 P.3d 1, 6 (Colo. 2020). The right to reduce a jury verdict based on Colorado's noneconomic damages cap is no different. By failing to raise the cap in any of its ***three*** Answers, by ***omitting*** any mention of the cap from the Final Pretrial Order, and by ***affirmatively asking*** the jury to award millions of dollars in

noneconomic damages, Defendant BHS waived any right it had to rely on the cap. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152 (10th Cir. 2017) (holding that defendant waived the right to rely on Oklahoma's nearly-identical noneconomic damages cap by failing to plead the cap as an affirmative defense).

## **ARGUMENT**

Nobody disputes that Colorado's noneconomic damages cap is substantive state law that a federal court sitting in diversity must apply. But that doesn't mean the cap automatically applies. Both federal law and Colorado law indicate that a statutory damages cap is a substantive right that must be timely raised on pains of forfeiture. Having failed to raise its intent to rely on the cap at any point prior to the jury's verdict—and having taken actions utterly inconsistent with relying on the cap—Defendant BHS is foreclosed from doing so now.

BHS had at least three opportunities to raise Colorado's statutory damages cap as an affirmative defense. For example, BHS could have raised the defense in its Answer to Plaintiff's Complaint, its Answer to the Amended Complaint, or its Answer to the Second Amended Complaint. BHS instead asserted several other statutory defenses based on the collateral source rule, assumption of risk, the Uniform Contribution Among Tortfeasors Act, the Product Liability Act, the Premises Liability Act, and Colorado's Workers' Compensation Act. *See* BHS Answer to Complaint. at 15-16, ECF 11, filed on 9/28/2021; BHS Answer to Amended Complaint at 15-16, ECF 28, filed on 12/23/2021.

BHS ***chose*** not to rely on Colorado's statutory limitation on noneconomic damages in any of its three responsive pleadings. *Id.* This, of course, is highly unusual. In Colorado, Defendants almost always plead Colorado's noneconomic damages cap as an affirmative defense. In fact, another defendant in this matter, Schneider Summit Services, raised the cap as an affirmative defense in its Answer to Plaintiff's Second Amended Complaint, asserting that "The Plaintiffs' damages, if any, are

1

barred, in whole or in part, by C.R.S. § 13-21-102.5, regarding limitations on damages for non-economic loss or injury." Schneider's Answer to Second Amended Complaint, at 12, ECF 37, filed 2/11/22. Despite knowing that Schneider asserted this defense, BHS chose not to do similarly—even after Schneider settled out of the case.  Plaintiff was entitled to, and did, rely on BHS's Answers when litigating the case and presenting evidence at trial.

The Tenth Circuit addressed this very issue in *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152 (10th Cir. 2017). There, the defendant failed to assert Oklahoma's statutory limitation on noneconomic damages as an affirmative defense in a responsive pleading. *Id.* at 1161. Under both federal procedural law and state substantive law, the Court held that Oklahoma's statutory damages cap created an affirmative defense that was waived when the defendant failed to timely assert it. As the Court explained, Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant to assert a statutory damages cap as an affirmative defense in a responsive pleading. *Id.* at 1163. And Oklahoma substantive law required the same because Oklahoma's pleading rule derived from and closely tracked its federal counterpart. *Id.* at 1166.

The Court then held that the question at issue—whether a state's statutory limit on damages creates an affirmative defense—was a matter of substantive state law under *Erie* because there was no conflict between the federal rule and the state law (and thus no need to determine whether the federal rule was valid under *Shady Grove*). *Id.* at 1167. Applying Oklahoma's substantive law, then, the Court concluded that the defendant had waived Oklahoma's statutory limits on noneconomic damages because it failed to affirmatively plead the cap as a defense before trial. *Id.* Going one step further, the Court suggested that when the federal rule conflicts with a state substantive rule, the federal procedural rule governs because it is a valid exercise of authority given to the Supreme Court to enact federal rules of civil procedure pursuant to the Rules Enabling Act. *Id.* at 1163.

2

*Racher*'s reasoning applies with even greater force here. Like the Oklahoma noneconomic damages cap in *Racher*, the Colorado damages statute does not expressly say whether its noneconomic damages cap creates an affirmative defense. *Id.* at 1165. No published Colorado case addresses the specific issue here, so Colorado courts would look to Colorado's pleading rule for guidance—Rule 8(c) of the Colorado Rules of Civil Procedure—and that rule not only derives from and closely tracks Federal Rule 8(c), but it also expressly states that "any mitigating circumstances to reduce the amount of damage shall be affirmatively pleaded." *See also Hildebrand v. New Vista Homes II, LLC*, 252 P.3d 1159, 1171 (Colo. App. 2010). Neither the Oklahoma pleading rule nor the federal rule go that far in stressing the importance of affirmatively pleading any defense that would "reduce the amount of damage." This language, unique to C.R.C.P 8, strongly suggests that Colorado courts would view any statutory damages defenses (including the statutory damages cap here) as affirmative defenses. *See, e.g., City of Fort Collins v. Open Int'l, LLC*, No. 21-CV-02063-CNS-MEH, 2023 WL 1069490, at *4 (D. Colo. Jan. 26, 2023) (holding that a statutory damages defense was an affirmative defense that had to be asserted in a responsive pleading because "Colorado views such defenses as generally needing to be pleaded, especially when they may turn on the application of a statute rather than simply the contract itself").

After all, what else could a damages cap be if not a "mitigating circumstance" that would "reduce the amount of damage" under Colorado Rule 8(c)? Without some direction from the Colorado legislature suggesting otherwise, the Colorado Supreme Court would almost certainly interpret the damages cap as an affirmative defense. This conclusion is also bolstered by several other Colorado cases involving statutory damages defenses. *See, e.g., Ochoa v. Vered*, 212 P.3d 963, 972 (Colo. App. 2009) (holding that a statutory setoff must be pled as an affirmative defense because, if applicable, it would reduce the plaintiff's damages award); *Miller v. Rowtech, LLC*, 3 P.3d 492, 495

3

(Colo. App. 2000) (holding that a statutory defense provided by Section 13-20-602 was waived because it was not affirmatively raised before trial).

In Colorado, the failure to assert an affirmative defense results in waiver of that defense. *See Soicher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 46, ¶ 21, 351 P.3d 559, 564. BHS failed to assert Colorado's noneconomic damages cap as an affirmative defense at any point before trial. Because Colorado's statutory damages cap operates as an affirmative defense that must be affirmatively pled under both federal law Colorado law, BHS has waived the defense.

Nor did BHS raise its intent to rely on the cap in the Final Pretrial Order. Again, BHS asserted assumption of risk, failure to mitigate, and avoidable consequences defenses, but it failed to say anything about Colorado's noneconomic damages cap. *See* Final Pretrial Order at 6, ECF 89. More still, BHS failed to raise the defense at the Trial Preparation Conference held on 12/18/2023. In fact, at no point before the jury returned its verdict did BHS ever mention Colorado's noneconomic damages cap, let alone assert it as an affirmative defense. BHS therefore has waived the defense under Colorado and federal law. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (holding that any "claims, issues, defenses, or theories of damages not included in the pretrial order are waived . . . .").

Even if BHS had raised its intent to rely on the noneconomic damages cap (which it didn't), it nevertheless waived its ability to rely on the cap via its conduct at trial. In Colorado, a waiver need not be express but can instead be implied. *Forgette v. People*, 524 P.3d 1, 7(Colo. 2023). While four mistakes generally do not make an accident, even if it could somehow be said that BHS's failure to raise the cap in its three Answers as well as the Final Pretrial Order was merely neglectful, its closing argument asking the jury to award millions of dollars in noneconomic damages was not. As explained by the United States Supreme Court, "[d]epending on the circumstances, waiving *any* right can be a tactical decision." *Gonzales v. U.S.*, 553 U.S. 242, 256, 128 S.Ct. 1765, 1774, 170 L.Ed.2d 616

4

(2008)(Scalia, J., specially concurring). There's arguably nothing more inconsistent with relying on the noneconomic damages cap than repeatedly failing to raise it in the pleadings, omitting it from the Final Pretrial Order, and then asking the jury in closing argument to award ***millions of dollars*** in noneconomic damages. Had the damages limitation been adequately pled (or at least raised), Plaintiff could have filed a motion in limine seeking to bar BHS from attempting to persuade the jury into awarding millions of dollars in damages that it would later assert are capped based on a statutory limitation it never raised. Collectively, BHS's conduct is the very essence of a tactical waiver, and it should not be condoned—let alone rewarded.

Finally, even if this Court were to find that Colorado's statutory damages cap doesn't operate as an affirmative defense, this Court should nonetheless hold that Federal Rule 8(c) applies under the *Erie* doctrine and the *Shady Grove* framework. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152 (10th Cir. 2017). In diversity cases like this one, the *Erie* doctrine requires federal courts to apply federal procedural law and state substantive law. *Id.* When the federal rule doesn't conflict with the state law, the Court should apply substantive state law. *Id.* But if there is tension between the state law and the federal rule, the court must determine whether the federal rule is valid. *Id. Racher* never considered that question, so this would pose a novel question for the Court. As the Tenth Circuit has explained, "if a federal rule of civil procedure answers the question in dispute, that rule governs our decision so long as it does not exceed statutory authorization or Congress's rulemaking power." *Id.* (cleaned up). In other words, the procedural rules adopted by the Supreme Court must "not abridge, enlarge or modify a substantive right." 28 U.S.C. § 2072(b).

Fed. R. Civ. P. 8(c) does not abridge, enlarge, or modify any substantive right under Colorado law. Rule 8(c)'s pleading requirement is entirely procedural and leaves the relevant substantive right here – the right to modify a judgment by barring noneconomic damages that exceed the statutory cap – available to all defendants, as long as they raise this defense before trial. Federal Rule 8(c) is a valid

5

federal rule that courts routinely apply in diversity cases to require the pleading of affirmative defenses created by state statutes. Thus, even if the Court finds that Colorado courts wouldn't view Colorado's statutory damages cap as an affirmative defense, the Court should still apply Federal Rule 8(c) here.

*   *   *

In the end, there is no meaningful difference between a statutory noneconomic damages cap and the many other statutory and constitutional rights that a litigant can waive or forfeit. Colorado state and federal courts have consistently recognized that fundamental and intensely personal rights—such as the right to counsel, the right to testify, the right to confront witnesses, and the right to a speedy trial by a jury of twelve—can all be waived. *See, e.g., Stackhouse v. People*, 386 P.3d 440, 443 (Colo. 2015) (holding that right to public trial could be waived); *Moody v. Corsentino*, 843 P.2d 1355, 1362 (Colo. 1993) (holding that right to speedy trial could be waived); *Christie v. People*, 837 P.2d 1237, 1242 (holding that right to jury trial in criminal proceeding could be waived); *People v. Rogers*, 317 P.3d 1280, 1284 (Colo. App. 2012) (holding that accused's Sixth Amendment right to cross-examine a witness could be waived by counsel's tactical decision to admit a written statement made by that witness); *People v. Baird*, 66 P.3d 183, 190 (Colo. App. 2002) (holding that counsel's statements waived accused's statutory right to 12 jurors).

Similarly, statutory rights phrased in mandatory terms (such as a statute of repose or a statute of limitation) can likewise be waived by consent, a failure to plead them, or by a defendant who engages in conduct inconsistent with asserting those rights. *See, e.g., City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) (holding that civil defendant waived its statutory right to remove a case to federal court when it filed a motion to dismiss in state court); *U.S. v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (holding that a criminal defendant's waiver of the statute of limitations was valid even though the statute plainly barred prosecution of the action); *South Conejos School Dist. RE-10 v. Wold Architects Inc.*, 541 P.3d 17, 22 (Colo. App. 2023) (holding that a civil litigant could waive the

statute of limitation barring a claim against it); *First Interstate Bank of Denver, N.A. v. Central Bank & Trust Co.*, 937 P.2d 855 (Colo. App. 1996) (holding that a party could waive application of the statute repose stating that "[n]o person may sue … more than three years after the discovery of the facts giving rise to a cause of action … and in no event more than five years after the purchase or sale [of a security.]").

## **CONCLUSION**

Simply put, if all of the above rights can be waived, then so can the noneconomic damages cap. Nothing in Colorado's noneconomic damages limitation statute suggests otherwise, and nothing elevates it above the many other important rights which can be strategically waived or negligently forfeited via the conduct of a litigant or their counsel.

For these reasons, Plaintiff respectfully requests that the Court conclude that Defendant BHS waived or forfeited any right it had to rely on the application of Colorado's noneconomic damages cap by failing to plead that right in its Answer, by failing to raise it in the Final Pretrial Order, and by affirmatively asking the jury to award millions of dollars in noneconomic damage. Plaintiff thus asks, without waiving any other potential issues (e.g. the doubling of Colorado's noneconomic damages cap by clear and convincing evidence) that could be raised later in a Rule 59 motion to alter or amend the judgment, that the Court enter judgment on the jury's full award of noneconomic damages.

Dated: February 21, 2024

                                            Respectfully submitted,

                                            ZANER HARDEN LAW, LLP

                                            */s/ Kurt Zaner*
                                            Kurt Zaner, Esq.  #40989
                                            Lia Rottman, Esq. # 52187
                                            Adam Fonta, Esq. #50471
                                            ZANER HARDEN LAW, LLP
                                            1610 Wynkoop Street, Suite 120
                                            Denver, Colorado  80202
                                            Phone Number:  (303) 563-5354

Facsimile Number: (303) 563-5351
E-Mail:  kz@zanerhardenlaw.com
af@zanerhardenlaw.com
lr@zanerhardenlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this **MOTION** was served upon the following counsel via email on this 21st day of February, 2024.

Kate L. McDonald, #42284
McConaughy & Sarkissian, P.C.
4725 S. Monaco Street, Suite 200
Denver, Colorado 80237
Telephone: (303) 649-0999
Email: kmcdonald@mslawpc.com
*Attorneys for Defendant BHS*

                                        */ s / Jenny Koenig*
                                        Jenny Koenig
                                        Litigation Paralegal