**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:21-CV-02230-NYW-STV

**STEVEN STRAUGHEN,**
    Plaintiff,

v.

**BHS, INC. a/k/a BHS, INC. OF WYOMING**
    Defendant,

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED JUDGMENT**

---

Oddly, in support of its argument that the damage cap cannot be waived, BHS cites to a case where the Colorado Supreme Court held that the damage cap *can* be waived. *See Giampapa v. Am. Family Mut. Ins. Co.,* 64 P.3d 230 (Colo. 2003). In no way did *Giampapa* hold or suggest that this was the exclusive way in which the damage cap could be waived. *Id.* No other Colorado Court, State or Federal, has stated or suggested that this is the only way to waive the damages cap. Most importantly, the Colorado Supreme Court held in *Giampapa* that the damage cap is in fact waivable and provided at least one situation where it can be waived - when a defendant's actions are inconsistent with relying on the cap. *Id.* There are no other Colorado cases addressing the damages cap as an affirmative defense (likely because no defendant has ever failed to plead it as an affirmative defense), underscoring the inevitable reality that this is understood to be, both in practice and in form, an affirmative defense that can be waived.

1

As for precedent, the Tenth Circuit has analyzed a nearly identical damages cap from a neighboring state and held that application of the cap must be pled as an affirmative defense or is waived. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152 (10th Cir. 2017); *see also In re Stone Pine Inv. Banking, LLC*, No. 21-1423, 2023 WL 8758947, at *18 (10th Cir. Dec. 19, 2023) (suggesting that *Racher* rationale applies to any damages caps in the Tenth Circuit, including those outside Oklahoma, if it explicitly caps damages to a specific number). BHS cannot, and does not, deny that it failed to raise the damages cap at any point before trial. This alone constitutes a waiver. Generally speaking, any issue raised for the first time in a post-trial motion is deemed waived. *See U.S. v. Trapp*, Case No. 96-7054, 1997 WL 346035, *3 (10th Cir. 1997) (unpublished) (holding that defendant waived statute of limitation defense by raising it for the first time in a post-trial motion).

Nor did BHS cite to any contrary Tenth Circuit law, instead relying on the non-binding Denver Post and a reporter's legal understanding as ostensibly controlling authority. Another defendant in this case, and every other defendant in Colorado that seeks to enjoy the protection of the damage cap, understands it must be pled as an affirmative defense or it is waived. Defendant BHS enjoyed three opportunities to raise the cap as an affirmative defense in its Answers, together with a fourth opportunity in the Final Pretrial Order.[1] As the Tenth Circuit and other Circuits have recognized, actions have consequences: When a defendant fails to plead a state damage cap as an affirmative defense, it waives the opportunity to do so following a trial on the merits. *See Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987); *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225-26 (1st Cir. 1994); *Sanderson-Cruz v. United States,* 88 F. Supp. 2d 388, 391 (E.D. Pa. 2000).

I.      **For Purposes Of The Waiver Analysis, The Oklahoma And Colorado Noneconomic Damages Caps Are Identical In Every Way**

---

[1] The real time transcript that recently arrived after Plaintiff filed its motion against applying the noneconomic damages cap clarifies that Defendant did not ask for a specific amount of non-economic damages, leaving the amount up to the jury. The 2-3 million request was for economic damages. Plaintiff's counsel regrettably mixed up the two categories in the prior motion while listening to closing argument. However, this does not affect Plaintiff's arguments related to the waiver of the affirmative defense, other substantive arguments, or the relief sought.

Both statutes have an explicit cap on damages. Both use mandatory language. *See* Okla. Stat. tit. 23, § 61.2(E) ("[I]n no event shall a judgment for noneconomic damages exceed the maximum recoverable amounts set forth in subsection B"); C.R.S. § 13-21-102.5(3)(a) ("In no case shall the amount of noneconomic loss or injury damages exceed five hundred thousand dollars"). Both prevent the cap from being disclosed to the jury, and both apply before a court enters a judgment. *See* Okla. Stat. tit. 23, § 61.2(E)-(F). Just as importantly, neither statute says how a party must assert this right, which strongly suggests that both legislatures intended ordinary pleading practices to apply. More still, Colorado's pleading rule places even greater stress than the Oklahoma or federal rule on affirmatively pleading any defense that would "reduce the amount of damage." *See* C.R.C.P.8(c).

BHS attempts to distinguish by pointing to a relief valve in the Oklahoma statute – an exception that "there shall be no limit" to noneconomic damages in certain enumerated circumstances. *See* Okla. Stat. tit. 23, § 61.2(C). This argument is unpersuasive, and the difference is irrelevant. Nowhere in *Racher* was it argued that this relief valve was what turned Oklahoma's damages cap into an affirmative defense. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152. To the contrary, the relief valve related to defendant's argument that *plaintiff* had a heightened pleading requirement to assert the right to uncapped damages. *Id.* The Court disagreed, emphasizing that another statutory defense in Oklahoma (the privilege exemption) also contained similar "mandatory" language that "did not preclude the Oklahoma Supreme Court's assessment that it created an affirmative defense defendants must assert, **not a pleading requirement plaintiffs must satisfy**." *Id.* at 1167 (emphasis added). And, when other federal circuits looked at statutory caps with no relief valve, they still viewed them as affirmative defenses. *See, e.g., Jakobsen v. Mass. Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975) (holding that a state damage cap with no relief valve was an affirmative defense under Rule 8); *Simon v. United States*, 891 F.2d 1154, 1157 (5th Cir. 1990) (same); s*ee also Carter v. United States*, 333 F.3d

3

791, 796 (7th Cir. 2003) (acknowledging the "powerful argument for regarding a damages cap as an affirmative defense," regardless of whether the cap has a relief valve).

In the end, the *Racher* Court concluded that the burden to assert Oklahoma's damages cap lay with the defendant because, under the federal rule that the Oklahoma pleading code closely tracked, damages caps function as affirmative defenses. 871 F.3d at 1167. Thus, "both Oklahoma law and Fed. R. Civ. P. 8(c) required Westlake to plead the damages cap as an affirmative defense," and "that requirement did not itself displace the damages cap or the statutory requirements for lifting the damages cap." *Id.* This same reasoning applies to any damages cap, including Colorado's, regardless of whether it has a relief valve.

Even if *Racher* is not binding when it comes to Colorado substantive law, *Racher* is binding when it comes to Federal Rule 8(c)'s requirement that a defendant assert a state's statutory damages cap as an affirmative defense. *Id.* And if substantive state law conflicts with Federal Rule 8(c), federal courts generally apply the federal procedural rule, not substantive state law. *See, e.g., Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987) (applying Federal Rule 8(c) instead of state substantive law to determine whether damages cap created an affirmative defense because the Ninth Circuit's view of the federal rule conflicted with California state law). So if this Court finds that the federal rule conflicts with Colorado law, as BHS suggests, the Court should still apply Federal Rule 8(c) here.

## II.     *Not All Affirmative Defenses Need To Be Proven At Trial*

Finally, BHS argues that an affirmative defense "is something the defendant bears the burden to prove during the trial." But that is true only when an affirmative defense raises contested factual issues. A statutory defense applies without the need to present any evidence at trial. *See, e.g., Bigby v. Big 3 Supply Co.*, 937 P.2d 794, 799 (Colo. App. 1996) (holding that "exclusivity of workers' compensation is an affirmative statutory defense which must be timely raised" even though no evidence had to be presented at trial). Further, as noted above, Oklahoma's own statutory cap has an

4

evidentiary bar from it being disclosed to the jury; it only applies before the court enters a judgment, just like Colorado's cap. *See* Okla. Stat. tit. 23, § 61.2(E)-(F). If BHS's argument were correct, then every federal circuit that has found a statutory damages cap to operate as an affirmative defense would be wrong about what constitutes an affirmative defense, including the Tenth Circuit. *See supra* pages 2-3. In fact, BHS itself listed "the collateral source rule, C.R.S. § 13-21-111.6" as an affirmative defense in its Answer, which not only requires no proof at trial, but, like a noneconomic damages cap, applies only after the jury's verdict. *See* BHS Answer to Amended Complaint at 23, ECF 28, filed on 12/23/2021. These are affirmative defenses because they operate "in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect." *See Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) (quoting Black's Law Dictionary, 5th ed. 1979).

Because Colorado's noneconomic damages cap operates as an affirmative defense under both federal law and Colorado law, and because BHS failed to raise the cap before trial, BHS has waived it. BHS's arguments fail to show otherwise.

Dated this 26th day of February, 2024.

Respectfully submitted,

ZANER HARDEN LAW, LLP

/s/ *Kurt Zaner*
Kurt Zaner, Esq.  #40989
Lia Rottman, Esq. # 52187
Adam Fonta, Esq. #50471
ZANER HARDEN LAW, LLP
1610 Wynkoop Street, Suite 120
Denver, Colorado  80202
Phone Number:  (303) 563-5354
Facsimile Number: (303) 563-5351
E-Mail:  kz@zanerhardenlaw.com
af@zanerhardenlaw.com
lr@zanerhardenlaw.com

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this **PLEADING** was served upon the following counsel via email on this 26th day of February, 2024.

Kate L. McDonald, #42284
Elizabeth C. LaVance, #50751
McConaughy & Sarkissian, P.C.
4725 S. Monaco Street, Suite 200
Denver, Colorado 80237
Telephone: (303) 649-0999
Email: kmcdonald@mslawpc.com; elavance@mslawpc.com
*Attorneys for Defendant BHS*

*/ s / Jenny Koenig*
Jenny Koenig
Litigation Paralegal