IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02230-NYW-SBP

STEVEN STRAUGHEN,

    Plaintiff,

v.

BHS, INC., a/k/a BHS, INC. OF WYOMING,

    Defendant.

---

## MINUTE ORDER

Entered by Judge Nina Y. Wang

On February 15, 2024, the Jury reached a verdict in this matter in which it awarded Plaintiff Steven Straughen ("Plaintiff" or "Mr. Straughen") $30,000,000.00 in damages. [Doc. 199]. Of that total, the Jury awarded Mr. Straughen $15,000,000.00 in noneconomic damages; $10,000,000.00 in economic damages; and $5,000,000.00 in damages for physical impairment or disfigurement. [*Id.* at 4]. The Jury determined that Defendant BHS, Inc., a/k/a BHS, Inc. of Wyoming ("Defendant" or "BHS") was 80% liable for Plaintiff's damages. [*Id.* at 3].

Thereafter, the Court ordered the Parties to submit a proposed judgment that accounted for the effect of Colorado's statutory cap on noneconomic damages on Mr. Straughen's total noneconomic damages award, *see* Colo. Rev. Stat. § 13-21-102.5(3)(a),[1] and the amount of any pre- or post-judgment interest to be applied to the verdict. [Doc. 200]. The Parties have submitted proposed judgments. *See* [Doc. 203; Doc. 204; Doc. 206]; *see also* [Doc. 201 (Defendant's Brief in Support of Proposed Judgment); Doc. 208 (Plaintiff's Response to Defendant's Brief in Support of Proposed Judgment)]. Mr. Straughen also filed a Motion Against Modifying the Judgment Based on Colorado's Noneconomic Damages Cap ("Motion Against Modification"), [Doc. 202], to which Defendant has responded, [Doc. 207 (Defendant's Response to Plaintiff's Motion Against Modifying the Judgment Based on Colorado's Noneconomic Damages Cap)].

The Court is not persuaded that the Colorado Supreme Court would construe Colorado's statutory cap on noneconomic damages as an affirmative defense that must

---

[1] "[A] state's statutory limit on damages is substantive law that federal courts sitting in diversity must apply." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) (citing *Gasperini v. Ctr. for Human.*, 518 U.S. 415, 428 (1996)).

be asserted in a responsive pleading on pain of waiver.[2]  Rather, the Court finds that the plain language of Colo. Rev. Stat. § 13-21-102.5, prohibits noneconomic damages awards in excess of the statutory cap in all civil actions (save for medical malpractice actions), *see* Colo. Rev. Stat. § 13-21-102.5(3)(a) ("In any civil action other than medical malpractice actions in which damages for noneconomic loss or injury may be awarded, *the total of such damages shall not exceed* the sum of two hundred fifty thousand dollars, unless the court finds justification by clear and convincing evidence therefor." (emphasis added)), and requires this Court to impose the cap before entering judgment, *see* § 13-21-102.5(3)(c)(IV)(b)(4) ("The limitations specified in subsection (3) of this section shall not be disclosed to a jury in any such action, *but shall be imposed by the court before judgment*." (emphasis added)).  *Cf. Alhilo v. Kliem*, 412 P.3d 902, 915 (Colo. App. 2016) ("Once the amount of a plaintiff's recovery is determined, then the noneconomic damages cap in section 13-21-203 comes into play.  The cap does not cause a plaintiff's noneconomic damages to disappear—it merely limits a plaintiff's recovery to a specified maximum amount." (cleaned up)); Colo. R. Civ. P. 8(c) ("Any *mitigating circumstances* to *reduce the amount of damage* shall be affirmatively pleaded." (emphasis added)).

And, given that the statutory cap is neither a merits issue for trial, nor a question of fact for the jury to decide, *see* Colo. Rev. Stat. § 13-21-102.5(3)(c)(IV)(b)(4) ("The limitations specified in subsection (3) of this section shall not be disclosed to a jury in any such action . . . ."), the Court finds it was not necessary for the Final Pretrial Order, [Doc. 89], to reflect this issue.  *Yaple v. Jakel Trucking LLC*, No. 2:21-cv-02045-JAR, 2023 WL 4824858, at *2–3 (D. Kan. July 27, 2023), *vacated in part on other grounds on reconsideration*, No. 2:21-cv-02045-JAR, 2023 WL 5854370 (D. Kan. Sept. 11, 2023).  Accordingly, Plaintiff's Motion Against Modification is respectfully **DENIED**.

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Motion Against Modifying the Judgment Based on Colorado's Noneconomic Damages Cap [Doc. 202] is **DENIED**.

(2) The Clerk of Court is **DIRECTED** to **ENTER** final judgment in this matter.

DATED:  March 4, 2024

---

[2] Whether a state's statutory limit on noneconomic damages operates as an affirmative defense is a question of substantive state law.  *Id.* at 1162–65.  Because the Colorado Supreme Court has not addressed whether Colo. Rev. Stat. § 13-21-102.5's cap on economic damages constitutes an affirmative defense, this Court must predict how the Colorado Supreme Court would rule.  *See Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 901 (10th Cir. 2005) ("Because Wyoming has not directly addressed this issue, this court must make an Erie-guess as to how the Wyoming Supreme Court would rule.").